120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jihad Caliph MUHAMMAD, Plaintiff-Appellant,
v.
James GOMEZ; Daniel E. Lungren; P.L. Kernan; Pete Wilson,
Defendants-Appellees.
 No. 96-16803.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jihad Caliph Muhammad, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss this appeal.
 
 
 3
 Muhammad alleged that the application of the new parole review procedures, rather than the procedures in effect when he was sentenced, violated the Due Process Clause and the Ex Post Facto Clause. Muhammad also alleged that the defendants conspired to deny him parole. Muhammad sought damages, declaratory relief, and injunctive relief.
 
 
 4
 When a state prisoner challenges the legality of his custody and the relief he seeks is an earlier release date, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). To the extent that Muhammad seeks an earlier release date, his complaint must be construed as a petition for writ of habeas corpus. So construed, Muhammad's complaint must be dismissed because he failed to allege that he has exhausted the available state remedies. Insofar as Muhammad seeks damages for the allegedly unconstitutional denial of parole, his claim must be dismissed because he failed to allege that his sentence has been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364. 2372 (1994). The district court did not abuse its discretion by finding that his complaint was frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 We construe Muhammad's motion for summary judgment as a motion for summary affirmance, and we deny the motion. In addition, Muhammad's motion for appointment of counsel is denied.
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed under 28 U.S.C. § 1915(d). The former Section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-155, 110 Stat. 1321 (1996) ("PLRA"). The portion of § 1915(d) which allowed for the dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)